UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 2:13-CR-098 |
| | ) | |
| BERT DANIEL MORRISON | ) | |

## **MEMORANDUM AND ORDER**

Now before the Court is the defendant's counseled motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i), as supplemented. [Docs. 32, 36]. The United States has responded in opposition [doc. 39], and the defendant has not replied within the time allowed by this Court's Local Rules. The Court has also received and considered a victim impact statement. [Doc. 40].

For the reasons that follow, the defendant's motion will be denied.

### I. BACKGROUND

In June 2014, this Court sentenced the defendant to a below-guidelines 180-month prison term for the crime of distributing child pornography. The defendant is presently housed at FCI Danbury with a projected release date of August 18, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jun. 23, 2021). He now moves for compassionate release due to the COVID-19 pandemic, COPD, mini strokes, head trauma, his age (58), and "a myriad of other [unbriefed] health concerns."

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have previously turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but are no longer to do so, at least as to

2

compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[1] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

### A. Exhaustion

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 32, ex. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, COPD, mini strokes, head trauma, his age (58), and "a myriad of other [unbriefed] health concerns." "[H]e wishes to quarantine himself and protect himself from this virus." [Doc. 32, p. 5].

Consistent with § 3582 and the Sixth Circuit's holding in *Jones*, this Court has considered the defendant's arguments (individually and in combination) along with the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

    . . .

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

At the defendant's correctional institution, there are currently no inmates or staff positive for COVID-19, with 157 inmates and 83 staff having recovered, and one inmate death. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jun. 23, 2021). These numbers are historically significant, but the Court simultaneously notes that outside the prison setting our nation remains in an ongoing struggle with COVID diagnoses, hospitalizations, and deaths. Emerging variants and vaccine hesitancy are still grave concerns throughout society. Further, the COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, the BOP's vaccination efforts are underway, with 179 staff and 503 inmates having been fully vaccinated at the defendant's prison. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jun. 23, 2021). In fact, the defendant

himself, as of March 23, 2021, is fully vaccinated. [Doc. 36].

BOP medical records confirm that the defendant has been diagnosed with, and receives treatment for, high cholesterol, COPD, and asthma. [*Id.*]. March 2019 scans showed "[n]o acute cardiopulmonary disease," with "clear" lungs and "normal" heart size. [*Id.*].

The defendant has also been diagnosed with, and receives treatment for, "major neurocognitive disorder due to brain injury," dizziness, and occasional seizures. [*Id.*]. In 2014 he fell out of a top bunk and was hospitalized for 19 days. [*Id.*]. The defendant experiences occasional seizures and he complains of tremors and dizziness. [*Id.*]. September 2017 provider notes state that it is unclear whether the defendant's seizures pre-date his 2014 fall or are a result of that event. [*Id.*]. Of note, at a September 2019 appointment, the defendant reported experiencing "dizzy spells on and off for 30 years." [*Id.*].

The BOP's SENTRY Report shows that the defendant is categorized as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Jun. 23, 2021).

Chronic lung disease, such as COPD or asthma, "can" increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions,

6

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jun. 23, 2021). The same is true for cerebrovascular disease, and the risk of severe illness from COVID-19 also increases with age. *See id.*

Having considered the defendant's arguments and the medical record presented, the Court concludes that the defendant has not met his burden of demonstrating extraordinary and compelling grounds for compassionate release. His COPD and asthma are treated and are seemingly under control. The defendant's occasional seizures are a general concern, but as noted he is now fully vaccinated against COVID-19, thereby significantly reducing his odds of contracting it or developing serious complications. Lastly, the defendant's age (58) is neither extraordinary nor compelling.

Additionally, compassionate release in this case would not be consistent with the 18 U.S.C. § 3553(a) factors. For more than six years, the defendant received and distributed a high volume of child pornography from his residence. [Presentence Investigation Report, doc. 23, ¶¶ 7-16]. That crime, while seemingly passive, perpetuates lasting harm to its victims as illustrated by the recently filed victim impact statement. [Doc. 40]. The defendant's misconduct in this case was not deterred by his prior history of high cholesterol, hypertension, pain, dizziness, and "fainting spells," indicating a further need to protect the public. [Doc. 23, ¶¶ 45-47]. The 180-month sentence imposed by this Court was a negotiated term of imprisonment which was 30 months below the bottom of the guideline range. [*Id.*, ¶¶ 3, 55]. Additionally, the BOP's SENTRY Report scores him as having a medium risk of recidivism.

Conversely, the Court recognizes that the defendant has no prior criminal history. SENTRY shows that he is employed, has completed a good amount of vocational programming, and has incurred no disciplinary sanctions while incarcerated. For all these things, he is commended.

Nonetheless, the defendant's misconduct in this case was serious. It went on for more than six years and, as evidenced by the facts of this case, is a crime that can be committed by persons in good or bad health. More than five years of actual time remains on the defendant's below guideline sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (Several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). Compassionate release on these facts would not reflect the seriousness of the offense of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant.

### III.   CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge